** Summary ** BOARDS OF EDUCATION SUBJECT TO OPEN MEETING LAW The open meeting statute, 25 O.S. 201 [25-201] (1971), allows executive sessions only for the purpose of discussing the employment problems of individual public officers or employees; the open meeting statute is applicable to meetings of local boards of education when they discuss collective employment matters not related to the qualifications of any individual. Under 70 O.S. 509.3 [70-509.3] (1971), the local board of education may designate a bargaining subcommittee or agent to negotiate concerning school district employment contracts. The open meeting statute will be applicable to meetings held by this subcommittee or agent if the subcommittee or agent has delegated power to make decisions concerning the expenditure of public funds or the administration of public property. The Attorney General has considered your opinion request wherein you ask the following question: May a board of education legally go into executive session when discussing collective negotiation matters relating to the renewal of teachers' employment contracts, rather than an individual personnel problem? The question which you raise calls for a construction of Oklahoma's " open meeting law ". The statute, 25 O.S. 201 [25-201] (1971), provides clearly that: "All meetings of the governing body of all municipalities . . . boards of public and higher education . . . in the State of Oklahoma sup ported in whole or in part by public funds or entrusted with the expending of public funds, or administering public properties, must be public meetings, and in all such meetings the vote of each member must be publicly cast and recorded." (Emphasis added) The open meeting statute thus reflects a strong state policy that the public has a right to attend and observe the deliberations and decisions of governmental agencies concerning the expenditure of public funds and the administration of public property. The open meeting statute contains only one exception, which is designed to prevent undue harm to the reputations of public employees when their acts are questioned. Title 25 O.S. 201 [25-201] (1971) provides in part that: "Executive sessions will be permitted only for the purpose of discussing the employment, hiring, appointment, promotion, demotion, disciplining or resignation of any public officer or employee; provided, however, that any vote or action thereon must be taken in public meeting with the vote of each member publicly cast and recorded. "Any action taken in violation of the above provisions shall be invalid." In order to determine whether the Legislature, in enumerating situations in which executive sessions would be permitted, intended that executive sessions should be permitted only for discussions of individuals or intended that such sessions be also permitted for discussion of personnel in the aggregate, it is necessary to determine the purpose behind the open meeting statute, and to trace its legislative history. The Oklahoma Supreme Court has not yet been presented with a case in which it has been called upon to interpret the philosophy behind the open meeting statute; however, other jurisdictions with similar statutes have issued opinions discussing the purpose of such legislative enactments. It is the general consensus of opinion in those jurisdictions that, as stated in Annot., Validity, Construction, and Application of Statutes Making Public Meetings Open to the Public, 38 A.L.R.3rd 1020, 1073 that: "One purpose of a 'public meeting' statute is to maintain the faith of the public in governmental agencies, inasmuch as the right of the public to be present and to be heard during all phases of enactments by public entities is a source of strength in the country." Furthermore, it is also the consensus of opinion in other jurisdictions having similar statutes that, although open meetings are desirable and conducive to the perpetuation of good government, overriding policies concerning the protection of an individual's right to privacy and due process in regard to his reputation can be effectuated by legislative enactments which enumerate exceptions to open meeting statutes and permit executive sessions to discuss individual personnel. Oklahoma's open meeting statute was first enacted in 1959. The original personnel exception clearly allowed executive sessions only for individual problems. In pertinent part, 25 O.S.Supp. 1959, 201, as adopted by 1959 Okl. Sess. Laws, p. 256, ch. 2c, 1, stated that: "However, the discussion of an individual for employment or appointment may be in closed session . . ." (Emphasis added) In 1967, the statute was amended by 1967 Okl. Sess. Laws, ch. 232,1. The personnel exception then provided that: "Except that matters under consideration involving employment or appointment may be in sessions closed to the public. . . ." The latter phrase is considerably more broad than its forerunner. It would appear that under the 1967 version of the statute a closed session for the discussion of any employment matter would have been proper. The word "individual" was deleted. In 1971, the statute was again amended, and the present personnel exception is as quoted above. The word "individual" is not used; however, new restrictive language appears: "Executive sessions will be permitted only for the enumerated purposes." Also, the phrase "any public officer or employee" is used in contrast to the 1967 version, "matters under consideration involving employment." Thus, the 1971 version refers to public employees in the singular, rather than the plural. The apparent legislative intent behind the enactment of 25 O.S. 201 [25-201] (1971), is that the public has a right to attend meetings of governmental agencies where public money and property is being administered, except at those times when the acts and qualifications of prospective and current public employees are being considered. The purpose behind the personnel exception is the protection of the reputation and dignity of the individual employee. This legislative intent must control. Stemmons, Inc. v. Universal C.I.T. Credit Corp., Okl., 301 P.2d 212 (1956). Therefore, it is the opinion of the Attorney General that under 25 O.S. 201 [25-201] (1971), executive sessions may not be held for the purpose of discussing the terms of teacher contracts in aggregate; executive sessions are permitted only when there is to be discussion of the hiring, appointment, promotion, demotion, disciplining or resignation of an individual public employee. A complete answer to your question requires a discussion of Chapter 7 of Title 70 of the Oklahoma Statutes, titled "Negotiation Between School Employees and Districts." In 1971, the Oklahoma Legislature enacted a school district employees' collective bargaining act, codified as 70 O.S. 509.1 [70-509.1] to 70 O.S. 509.10 [70-509.10]. Section 70 O.S. 509.1 [70-509.1] states that: "It is the purpose of this Act to strengthen methods of administering employer-employee relations to the establishment of an orderly process of communications between school employees and the school district. " Under the Act, local boards of education are required to recognize a professional organization which secures approval from a majority of the professional educators in the school district who designate that organization as their representative for negotiations. Representatives of the local school board are to negotiate in good faith on items affecting the performance of professional services with elected representatives of such a recognized professional organization of certified public school teachers. 70 O.S. 509.2 [70-509.2] and 70 O.S. 509.6 [70-509.6]. Non-professional employees of the school district are entitled to collective bargaining on the same basis as professional employees. 70 O.S. 509.5 [70-509.5] (19971). Section 70 O.S. 509.6 [70-509.6] provides that: "Once the organization has been determined, the board of education or its duly designated representative must meet with the duly designated representative of the organization and within sixty (60) days shall complete an agreement outlining negotiation procedures. The board of education and the representatives of the organization must negotiate in good faith on items affecting the performance of professional services. This "agreement outlining negotiation procedures" may not include an agreement that negotiations between the local board of education itself and the employees representatives may be held in private. If possible, statutes must be construed together so that they will operate harmoniously, and so that effect may be given to both. Atlantic Refining Company v. Oklahoma Tax Commission, Okl., 360 P.2d 826 (1961). Nothing in Section 509.6 of Title 70 authorizes the local board of education to disregard the open meeting statute. Section 70 O.S. 509.3 [70-509.3] of Title 70 provides that: "The local board representatives shall be presently serving on the board or employed by said board and no other person shall represent the board. Provided nothing herein shall prohibit the employment of legal counsel for consultative purposes by local board or professional organization. " Under Sections 70 O.S. 509.3 [70-509.3] and 70 O.S. 509.6 [70-509.6], the local board of education may designate a member or members of the board of education or a school district employee as the bargaining agent of the board of education. We must then question whether the open meeting statute, 25 O.S. 201 [25-201] (1971), is applicable to meetings between bargaining representatives of the local board of education and representatives of the employee organizations. If the board of education designates itself or more than a quorum of its members as the bargaining agents, then the open meeting law would be applicable, because any meeting of more than a quorum of school board members held for the purpose of conducting official business is a meeting of the "governing body" of the school district, and the open meeting statute specifically applies. In Attorney General's Opinion No. 68-231, 1 Okl. Opinions of the Attorney General 197, 198 (1968), a previous opinion construing the open meeting statute, the following definitions appear: "A 'governing body' can be construed as being a quorum of the collective number of individuals designated as members of such body when acting in the capacity for which they were authorized. " 'A meeting of the governing body' is construed to mean the coming together of a quorum of the collective number of individual members of the governing body to transact business which officially concerns such body. Communications between individual members of such body when not meeting as a governing body may be private. " It is clear then, that if the board of education or a quorum of its members is designated as the bargaining agent of the school district, then the open meeting law is applicable, and bargaining sessions must be open to the public. However, under 70 O.S. 509.3 [70-509.3] (1971), the local board of education may designate an individual or individuals as its bargaining agent. The question then arises whether meetings between the board's bargaining agent or subcommittee and representatives of school district employees are themselves subject to the open meeting statute. This question was raised in Attorney General's Opinion No. 71-245. In that opinion, the precise question was whether groups, committees, advisory boards or other subordinate agencies created by the "governing board" are also subject to the provisions of the open meeting statute. Opinion No. 71-145 held that any blanket rule of nonapplicability would provide a means of circumvention of the open meeting statute. Agencies might simply delegate all their authority to subcommittees, which could meet secretly. Therefore, the Attorney General held that: "If any subagency has delegated power from its parent agency to make governmental decisions, to formulate rules or formulate the basis for a decision by the parent agency, then, that agency would be within the provisions of the open meeting law." Another requirement of the open meeting statute is that the body in question must be entrusted with decision making powers over the expenditure of public funds or the administration of public property. If the bargaining subcommittee or bargaining agent has delegated power to make decisions on the terms of employee contracts, then the meetings of the bargaining subcommittee or bargaining agent with the bargaining agent of the school district employees would be within the provisions of the open meeting statute. The open meeting statute will not be applicable to such meetings if the bargaining agent or subcommittee is empowered only to make recommendations to the board of education concerning employment. Therefore, it is the opinion of the Attorney General that the open meeting statute, 25 O.S. 201 [25-201] (1971), permits executive sessions only for discussion of the employment, hiring, appointment, promotion, demotion, disciplining or resignation of an individual public officer or employee; the open meeting statute is applicable to meetings of local boards of education when they discuss collective employment matters. The local board of education may designate a bargaining subcommittee or agent under 70 O.S. 509.3 [70-509.3] (1971); the open meeting statute will be applicable to meetings held by this bargaining subcommittee or agent if the subcommittee or agent is given delegated power to decide the terms of employment contracts. (C. Larry Pain) ** SEE: OPINION NO. 96-040 (1996) ** ** SEE: OPINION NO. 78-144 (1978) ** ** SEE: OPINION NO. 76-334 (1976) **